IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KARETEK HOLDINGS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**360TRAINING.COM, INC.,**<br><br>Defendant. | Civil Action No.: 1:20-CV-00463<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes, Plaintiff, Karetek Holdings LLC ("Plaintiff" or "Karetek"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

### NATURE OF THE ACTION

1.  This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant 360training.com, Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No 7,373,515 ("the '515 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

### THE PARTIES

2.  Plaintiff is a Texas limited liability company with its principal place of business at 15922 Eldorado Parkway – Suite 500-1711, Frisco, Texas 75035.

3.  Upon information and belief, Defendant is a corporation organized under the laws of Texas, having a principal place of business at 6801 North Capital of Texas Highway – Suite 1-250, Austin, Texas 78731. Upon information and belief, Defendant may be served with process

1

c/o Corporation Service Company, DBA CSC-Lawyers Inco, 211 East 7th Street – Suite 620, Austin, Texas 78701.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.360training.com.  Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.360training.com, and its incorporated and/or related systems (collectively the "360training Website").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the 360training Website.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in this forum state and in this judicial District; and (iii) being incorporated in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10. On May 13, 2008, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '515 Patent, entitled "MULTI-FACTOR AUTHENTICATION SYSTEM" after a full and fair examination. The '515 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '515 Patent, having received all right, title and interest in and to the '515 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '515 Patent, including the exclusive right to recover for past infringement.

12. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

13. The invention claimed in the '515 Patent comprises a multi-factor authentication system.

14. Claim 4 of the '515 Patent recites a method for gaining access by a user to a network resource.

15. Claim 4 of the '515 Patent states:

> "4. A method for gaining access by a user to a network resource, comprising the steps of

> (a) communicating a PIN and a first primary identification over an ancillary communications network to an authentication authority;
> (b) receiving an encrypted passcode over the ancillary communications network from the authentication authority;
> (c) decrypting the passcode using a key of an asymmetric key pair, and
> (d) communicating the passcode and a user ID over a communications network to an access authority." See Exhibit A.

16. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '515 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 4 of the '515 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 4 of the '515 Patent.

## DEFENDANT'S PRODUCT(S)

17. Defendant offers solutions, such as the "OAuth" system (the "Accused Instrumentality"), which practices a method for gaining access by a user to a network resource. A non-limiting and exemplary claim chart comparing the Accused Instrumentality of Claim 4 of the '515 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

18. As recited in Claim 4, a system, at least in internal testing and usage, utilized by the Accused Instrumentality practices a method for gaining access by a user to a network resource. See Exhibit B.

19. As recited in one step of Claim 4, the system, at least in internal testing and usage, utilized by the Accused Instrumentality practices a method comprising communicating a PIN and a first primary identification over an ancillary communications network to an authentication authority. See Exhibit B.

20. As recited in another step of Claim 4, the system, at least in internal testing and usage, utilized by the Accused Instrumentality practices a method comprising receiving an encrypted passcode over the ancillary communications network from the authentication authority. See Exhibit B.

21. As recited in another step of Claim 4, the system, at least in internal testing and usage, utilized by the Accused Instrumentality practices a method comprising decrypting the passcode using a key of an asymmetric key pair. See Exhibit B.

22. As recited in another step of Claim 4, the system, at least in internal testing and usage, utilized by the Accused Instrumentality practices a method comprising communicating the passcode and a user ID over a communications network to an access authority. See Exhibit B.

23. The elements described in the preceding paragraphs are covered by at least Claim 4 of the '515 Patent. Thus, Defendant's use of the Accused Instrumentality is enabled by the method described in the '515 Patent.

## INFRINGEMENT OF THE PATENT-IN-SUIT

24. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

25. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '515 Patent.

26. Defendant has had knowledge of infringement of the '515 Patent at least as of the service of the present Complaint.

27. Defendant has directly infringed and continues to directly infringe at least one claim of the '515 Patent by using, at least through internal testing or otherwise, the Accused Instrumentality without authority in the United States, and will continue to do so unless enjoined

by this Court. As a direct and proximate result of Defendant's direct infringement of the '515 Patent, Plaintiff has been and continues to be damaged.

28. Defendant has induced others to infringe the '515 Patent by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

29. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '515 Patent, pursuant to 35 U.S.C. § 271.

30. Defendant has committed these acts of infringement without license or authorization.

31. As a result of Defendant's infringement of the '515 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

32. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

33. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

**DEMAND FOR JURY TRIAL**

34. Plaintiff demands a trial by jury of any and all causes of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '515 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '515 Patent;

d. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: April 30, 2020

Respectfully submitted,

*/s/ Jay Johnson*
Jay Johnson
KIZZIA & JOHNSON, PLLC
1910 Pacific Avenue – Suite 13000
Dallas, Texas 75201
Phone: 214-451-0164
Fax: 214-451-0165
jay@kjpllc.com

Together with:

SAND, SEBOLT & WERNOW CO., LPA

Howard L. Wernow
(*pro hac vice forthcoming*)

Aegis Tower - Suite 1100
4940 Munson Street, N. W.
Canton, Ohio 44718
Phone: 330-244-1174
Fax: 330-244-1173
Howard.Wernow@sswip.com

ATTORNEYS FOR PLAINTIFF